BENTON, J.,
concurring.
I agree with the “decision not to decide now” an issue that' this case may never present in a concrete and immediate way. On the other hand, in the event adult sanctions should be imposed at some point, appellant might languish in prison while the questions we decline to reach today are at last addressed.
If avoiding belated adjudication — which might, as a practical matter, render illusory any relief on what has by now become primarily a sentencing issue — induced appellant’s plea, he should have an opportunity to withdraw his plea. Although today’s disposition does not in terms afford him this opportunity, Florida Rule of Criminal Procedure 3.850 is available for that purpose.
The present case should be distinguished from the run of cases in which the parties’ stipulation that a ruling on the admissibility of evidence would have been dispositive, if the matter had been tried, is not open to question on appeal. See Phuagnong v. State, 714 So.2d 527, 529 (Fla. 1st DCA 1998); Zeigler v. State, 471 So.2d 172, 175-76 (Fla. 1st DCA 1985).